IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| Gregory Bernard Wright, ) | |
| ) | C/A No. 3:12-2520-MBS |
| Plaintiff, ) | |
| ) | |
| vs. ) | **O R D E R** |
| ) | |
| Judy E. Johnson, Ed.D., Adria Davis; ) | |
| and Babcock Center, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

Plaintiff Gregory Bernard Wright is a former employee of Defendant the Babcock Center. Defendants Judy E. Johnson and Adria Davis apparently were Plaintiff's supervisors. Plaintiff, proceeding pro se, filed a complaint on August 31, 2012, alleging that he was unlawfully terminated because of his age and gender. Thus, Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e et seq.; and the Age Discrimination in Employment Action, 29 U.S.C. §§ 621 et seq. In accordance with 28 U.S.C. § 636(b) and Local Rule 73.02, D.S.C., this matter was referred to United States Magistrate Judge Paige J. Gossett for pretrial handling.

On March 7, 2013, Defendants filed a motion to dismiss. By order filed March 8, 2013, in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), Plaintiff was advised of the dismissal procedure and the possible consequences of failing to respond adequately. On April 10, 2013, Plaintiff filed a motion to continue in which he appeared to ask for additional time to respond to Defendants' motion. On April 12, 2013, the Magistrate Judge granted Plaintiff until May 13, 2013 to respond to Defendants' motion. The Magistrate Judge cautioned Plaintiff that failure to comply could result in dismissal of the complaint for failure to prosecute. See Fed. R. Civ. P. 41(b). On May

13, 2013, Plaintiff filed a second motion to continue. The Magistrate Judge granted Plaintiff an additional extension until June 14, 2013 to respond to Defendants' motion to dismiss. Plaintiff again was cautioned that failure to comply could result in dismissal of his complaint for failure to prosecute.

Plaintiff filed no response to Defendants' motion to dismiss. Accordingly on June 20, 2013, the Magistrate Judge issued a Report and Recommendation in which she recommended that the action be dismissed for lack of prosecution. The Magistrate Judge further recommended that the motion to dismiss be terminated. Plaintiff filed no objections to the Report and Recommendation.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility for making a final determination remains with this court. Mathews v. Weber, 423 U.S. 261, 270 (1976). This court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the Magistrate Judge. 28 U.S.C. § 636(b)(1). This court may also receive further evidence or recommit the matter to the Magistrate Judge with instructions. Id. In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005).

The court has thoroughly reviewed the record. The court adopts the Report and Recommendation and incorporates it herein by reference. Plaintiff's complaint is dismissed with prejudice for lack of prosecution. See Fed. R. Civ. P. 41(b). The Office of the Clerk of Court is

directed to terminate Defendants' motion to dismiss.

**IT IS SO ORDERED**.

/s/ Margaret B. Seymour
Senior United States District Judge

Columbia, South Carolina

July 10, 2013

### NOTICE OF RIGHT TO APPEAL

**Plaintiff is hereby notified of the right to appeal this order pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure.**

3